# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  v.<br><br>MICHAEL BRICE KOETTER,<br><br>        Defendant. | Case No. 3:24-cr-00003-SLG-KFR |

### ORDER RE MOTION AND MEMORANDUM TO DISMISS COUNTS 1 AND 4 PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 12(b)

Before the Court at Docket 36 is Defendant Michael Koetter's Motion and Memorandum to Dismiss Counts 1 and 4 Pursuant to Federal Rule of Criminal Procedure 12(b). The Government responded in opposition to the motion at Docket 41.

In the First Superseding Indictment, Mr. Koetter is charged with, as relevant here, Count 1 for Attempted Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), and Count 4 for Offense by a Registered Sex Offender, in violation of 18 U.S.C. § 2260A.[1] Mr. Koetter seeks dismissal of these charges pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v). Rule 12(b)(3)(B)(v) provides that a defendant may challenge an indictment's "failure to state an offense" in a pretrial motion "if the basis for the motion is then reasonably available

---

[1] Docket 25 at 1-2.

and the motion can be determined without a trial on the merits." To state an offense, an indictment need only be a "plain, concise, and definite written statement of the essential facts constituting the offense charged."[2] An indictment that tracks the statutory language is generally sufficient if those words fully, directly, and expressly set forth all the elements necessary to constitute the offense.[3] The charge "must provide the essential facts necessary to apprise a defendant of the crime charged; it need not specify the theories or evidence upon which the government will rely to prove those facts."[4]

"A motion to dismiss is generally capable of determination before trial if it involves questions of law rather than fact."[5] "[A] Rule 12(b) motion to dismiss is not the proper way to raise a factual defense."[6] "If the pretrial claim is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred."[7]

In his motion, Mr. Koetter maintains that the Court should dismiss Count 1

---

[2] Fed. R. Crim. P. 7(c)(1).

[3] *See Hamling v. United States*, 418 U.S. 87, 117-18 (1974); *United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013); *United States v. Tavelman*, 650 F.2d 1133, 1137 (9th Cir. 1981).

[4] *Mancuso*, 718 F.3d at 790 (quoting *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993)).

[5] *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (quotations omitted).

[6] *Id.*

[7] *Id.* (quoting *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986)).

Case No. 3:24-cr-00003-SLG, *USA v. Koetter*
Order re Motion and Memorandum to Dismiss Counts 1 and 4 Pursuant to Federal Rule of Criminal Procedure 12(b)
Page 2 of 4
Case 3:24-cr-00003-SLG-KFR   Document 42   Filed 08/06/24   Page 2 of 4

because "the Government's offer of proof in the complaint is legally insufficient to state an offense" because the conduct alleged in the indictment "does not come close to constituting a substantial step towards enticement of a minor."[8] Mr. Koetter also contends that Count 4 should be dismissed because the indictment does not allege that he "directed his conduct at an actual minor."[9] The Government characterizes Mr. Koetter's motion as "a premature challenge to the sufficiency of the evidence and is not a basis for a Rule 12 motion."[10]

The Court agrees with the Government that Mr. Koetter's challenges to Counts 1 and 4 dispute the sufficiency of the evidence, not the legal sufficiency of the indictment, and he cannot successfully raise such a challenge in a Rule12(b) motion to dismiss.[11] In *United States v. Nukida*, the Ninth Circuit held that a district court erred when it dismissed counts in an indictment pursuant to the defendant's Rule 12(b) motion.[12] The defendant there had argued that the products that she allegedly tampered with did not affect interstate commerce, which was an element

---

[8] Docket 36 at 1-2. *See* Docket 36 at 11 ("Mr. Koetter's alleged conduct is simply too attenuated from the *actus reus* punishable under § 2422(b) to justify further prosecution." (emphasis in original)).

[9] Docket 36 at 2-3.

[10] Docket 41 at 4-6.

[11] *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) ("A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence." (citation omitted)).

[12] 8 F.3d at 667.

Case No. 3:24-cr-00003-SLG, *USA v. Koetter*
Order re Motion and Memorandum to Dismiss Counts 1 and 4 Pursuant to Federal Rule of Criminal Procedure 12(b)
Page 3 of 4
Case 3:24-cr-00003-SLG-KFR   Document 42   Filed 08/06/24   Page 3 of 4

of the charged crime.[13] The Ninth Circuit concluded that her challenge to "the government's ability to prove that her actions affected commerce [in] her motion to dismiss amounted to a premature challenge to the sufficiency of the government's evidence tending to prove a material element of the offense."[14]

Mr. Koetter's claims—that the indictment fails to prove a substantial step as required for Count 1 and fails to show that Count 4 involved an actual minor—are challenges to the Government's ability to prove elements of the charged offenses. Those issues "fall[] within the province of the ultimate finder of fact."[15] As such, Defendant's Motion and Memorandum to Dismiss Counts 1 and 4 Pursuant to Federal Rule of Criminal Procedure 12(b) at Docket 36 is **DENIED**.

DATED this 6th day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[13] *Id.* at 667, 669.

[14] *Id.* at 669-70.

[15] *Id.* at 669 (quoting *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986)).

Case No. 3:24-cr-00003-SLG, *USA v. Koetter*
Order re Motion and Memorandum to Dismiss Counts 1 and 4 Pursuant to Federal Rule of Criminal Procedure 12(b)
Page 4 of 4
Case 3:24-cr-00003-SLG-KFR   Document 42   Filed 08/06/24   Page 4 of 4