# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

MICHAEL BRICE KOETTER,

        Defendant.

Case No. 3:24-cr-00003-SLG-KFR

## ORDER ON RESTITUTION

Defendant Michael Brice Koetter was sentenced on December 3, 2025.[1] Restitution was not imposed at the time of sentencing, and the parties were directed to file a status report regarding restitution. Defendant filed a Memorandum Re: Restitution at Docket 92. The Government filed a Memorandum Regarding Restitution at Docket 93. On May 12, 2026, the Court held oral argument on the issue of restitution and took the matter under advisement. The Court now orders restitution as set forth below.

## BACKGROUND

Defendant pled guilty to attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b); receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (B), & (b)(2); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2).[2] This Court

---

[1] Docket 83.

[2] Docket 85 at 1.

sentenced Defendant to 240 months' imprisonment and a life term of supervised release.[3]   The Presentence Investigation Report found that there were "six identified victims who request total restitution in the amount of $42,500.  Pursuant to 18 U.S.C. § 2259, the minimum restitution value that may be ordered to any one victim is $3,000."[4]

## LEGAL STANDARD

Pursuant to 18 U.S.C. §§ 2248, 2259, restitution is mandatory for offenses charged under 18 U.S.C. §§ 2241-2258.  Section 2259(b)(2) provides as follows:

> If the defendant was convicted of trafficking the court shall order restitution under this section in an amount to be determined by the court as follows:
>
> (A) Determining the full amount of a victim's losses. The court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim.
>
> (B) Determining a restitution amount. After completing the determination required under subparagraph (A), the court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000.
>
> (C) Termination of payment. A victim's total aggregate recovery pursuant to this section shall not exceed the full amount of the victim's demonstrated losses. After the victim has received restitution in the full amount of the victim's losses as measured by the greatest amount of such losses found in any case involving that victim that has resulted in a final restitution order under this section, the liability of each defendant who is or has been ordered to pay restitution for such

---

[3] Docket 85 at 2-3.

[4] Docket 82 at 5.

Case No. 3:24-cr-00003-SLG-KFR, *United States v. Koetter*
Order on Restitution
Page 2 of 4
Case 3:24-cr-00003-SLG-KFR    Document 95    Filed 06/29/26    Page 2 of 4

losses to that victim shall be terminated. The court may require the victim to provide information concerning the amount of restitution the victim has been paid in other cases for the same losses.[5]

"Trafficking in child pornography" means conduct proscribed by 18 U.S.C. §§ 2251(d), 2252, 2252A(a)(1)-(5), 2252A(g) and 2260(b).[6]

The issuance of a restitution order under 18 U.S.C. §§ 2248, 2259 is mandatory; a court may not decline to issue an order under this section because of the economic circumstances of the defendant or the fact that the victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source.[7]

## DISCUSSION

At oral argument, the Government clarified that it was seeking a total of $18,000 in restitution, $3,000 for each of the six victims.[8] Upon consideration of the parties' arguments at the restitution hearing, the Court finds by a preponderance of the evidence, which includes the Presentence Investigation Report and the statements submitted by the victims and their attorneys, that

---

[5] 18 U.S.C. § 2259.

[6] 18 U.S.C. § 2259(c)(3).

[7] 18 U.S.C. §§ 2248(b)(4), 2259(b)(4).

[8] The Government also sought $15,000 under the Justice for Victims in Trafficking Act ("JVTA"), but conceded that, if at sentencing the Court had found that there would be no JVTA assessment imposed, one should not be ordered. The Court has now reviewed a draft transcript of the sentencing and confirmed that, at sentencing, the Court found that the JVTA assessment did not apply based on the lapse in that statute and the absence of language making the reauthorized JVTA retroactively applicable to Defendant. *See* Docket 83.

restitution has not yet been paid in full for any of the six victims identified in this case. The Court therefore imposes the following restitution on Defendant:

- Defendant shall pay $3,000 in restitution to victim "Sloane."[9]

- Defendant shall pay $3,000 in restitution to victim "Lily"[10]

- Defendant shall pay $3,000 in restitution to victim "April."[11]

- Defendant shall pay $3,000 in restitution to victim "Ali."[12]

- Defendant shall pay $3,000 in restitution to victim "Jane."[13]

- Defendant shall pay $3,000 in restitution to victim "Pia."[14]

The Clerk of Court shall enter an amended judgment accordingly.

IT IS SO ORDERED this 29th day of June, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[9] Docket 58-2 at 4 (indicating that as of February 14, 2025, "Sloane has received payment for less than ten percent of her documented losses," which total $6-7 million).

[10] Docket 58-3 at 6 (indicating that as of February 14, 2025, Lily "has received payment for approximately half of her losses," which total over $6 million).

[11] Docket 58-4 at 7 (indicating that as of December 10, 2024, "April has not collected in excess of her losses," which total over $3.6 million).

[12] Docket 58-5 at 3 (indicating that as of December 18, 2024, "Ali has been awarded restitution in the amount of $730,000 from 214 defendants and has received $78,524.").

[13] Docket 58-6 at 106 (indicating that as of December 31, 2022, "Jane has received approximately $256,534.76 in restitution" with "total losses for Jane" of over $7.7 million).

[14] Docket 58-1 at 3 (indicating that as of December 10, 2024, Pia's total losses are over $1.9 million). While the filings for Pia do not indicate how much Pia has received in restitution payments from other defendants, based on the observed pattern that the other victims in this case have received nowhere near full restitution makes it more likely than not that Pia also has not yet received restitution equaling her total losses.

Case No. 3:24-cr-00003-SLG-KFR, *United States v. Koetter*
Order on Restitution
Page 4 of 4